**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Geoffrey Mathews, ) | CASE NO. 1:14 CV 677 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | Memorandum of Opinion and Order |
| Hawthorne Valley Country Club, ) | |
| ) | |
| Defendant. ) | |

### INTRODUCTION

*Pro se* Plaintiff Geoffrey Mathews filed this action against the Hawthorne Valley County Club under Title VII, 42 U.S.C. § 2000e; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C.A. § 2000ff; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. In the Complaint, Plaintiff claims he was bullied during his employment with the Hawthorne Valley Country Club. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

### BACKGROUND

Plaintiff's Complaint is very brief. It states in pertinent part:

> I am very angry at some of the people who works [sic] at the
> grounds maintenance dept. at Hawthorne County Club. I come to
> my job every day...and I get harassed by Marcellus Hatcher, Matt
> Needs, Vince Mathews, and Jim (supervisor) and other people in
> there mess with me too but I don't want to say any more names.
> The bullying didn't bother me. It was the fact that I believe that
> Ted Payer was not trying to pay me for working 80 hours 2 weeks
> the year of 2013. The year before Ted has us working in the rain
> and then all of a sudden, he reduces the hours because some
> employees wanted to complain about working in the rain. I don't
> want to write a real big statement but I apologized for my actions
> and asked for my job back when I was in mediation with the staff
> at Hawthorne Valley Country Club, but I figure that 70,000 is a
> reasonable settlement since Jim came at me one day last year
> threatening my job say[ing], 'You better hope Ted's still here for
> 5 years because I won't be coming back."

(ECF No. 1 at 1). He asserts claims under Title VII, the ADA, GINA, and the ADEA.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### **DISCUSSION**

Plaintiff fails to allege sufficient facts to suggest the Defendant violated Title VII, the ADA, GINA, or the ADEA.  He alleges he was bullied in the workplace but does not elaborate on that comment.  He indicates a supervisor made his employees, including Plaintiff, work in the rain until someone complained.  Plaintiff does not appear to have been singled out for this treatment.  None of these statutes cited by Plaintiff is "a general civility code for the American workplace." *Burnett v. Tyco Corp*., 203 F.3d 980, 982 (6th Cir. 2000)(quoting Oncalev. Sundowner Offshore Services, Inc, 533 U.S.75, 80 (1998)).  Title VII prohibits discrimination in the employment based on race, color, religion, gender, or national origin.  42 U.S.C. § 2000e–2(a).  The ADA prohibits discrimination based on a disability.  42 U.S.C. § 12111(8).  The GINA prohibits discrimination on the basis of "genetic information" such as information from a "genetic test" or "the manifestation of a disease or disorder in family members." 42 U.S.C. § 2000ff(4)(A) and the ADEA prohibits an employer from discharging an individual

"because of such individual's age." 29 U.S.C. § 623(a)(1). Plaintiff does not allege any of these factors was a consideration in the actions taken by the Defendant.

The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 513-14 (2002). Nevertheless, the Supreme Court later clarified that *Swierkiewicz* did not eliminate Plaintiff's responsibility to provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Sixth Circuit also explored the scope of *Twombly* and *Iqbal* noting that "even though a Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Plaintiff's Complaint never rises above the speculative level. The Court is left to guess his race, his disability, if indeed he has one, the genetic information he contends was used against him, or his age. Plaintiff does not even clearly state whether he suffered an adverse employment action as a result of any of these factors. Plaintiff's allegations are not sufficient to cross the threshold of basic pleading requirements in federal court. *See* FED. CIV. P. R. 8.[1]

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

---

[1] FED. CIV. P. R. 8 requires Complaints to provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."

faith.

    IT IS SO ORDERED.

                                          /s/Patricia A. Gaughan  
                                          PATRICIA A. GAUGHAN  
Date:  8/11/14                         United States District Judge